IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **GLENCORE LTD.,** § § § | |
| Petitioner, § § | CIVIL ACTION NO. 2:23-cv-21-DLB-CJS |
| v. § § | |
| **EMERALD INTERNATIONAL CORPORATION,** § § § § | |
| Respondent. § | |

## PETITION FOR CONFIRMATION, RECOGNITION, AND ENFORCEMENT OF DOMESTIC ARBITRATION AWARD

**NOW INTO COURT**, through undersigned counsel, comes Petitioner Glencore Ltd. (hereinafter "Glencore"), who respectfully requests that the Court pursuant to Chapter 1 of the Federal Arbitration Act:

i. confirm, recognize, and enforce a February 14, 2022 Final Award (the "Award") rendered in arbitration before the ICC International Court of Arbitration between Glencore and Emerald International Corporation (hereinafter "Emerald");

ii. enter judgment in Glencore's favor against Emerald in the amount of the Award with interest; and

iii. grant Glencore such relief as the Court deems just and proper.

## INTRODUCTION

1. Glencore has prevailed in a domestic arbitration against Emerald in which an Award was rendered in conformity with the Rules of Arbitration of the ICC International Court of Arbitration and the parties' agreement.

2. The arbitration took place in Nashville, Tennessee before a three-member Arbitral Tribunal who issued an Award in Glencore's favor that is final and enforceable under the Federal Arbitration Act.

3. The Federal Arbitration Act applies as Glencore and Emerald were engaged in interstate commerce with regard to various transactions, which were governed by the ultimate provisions of a Master Agreement between the parties and contemplated the buying, selling, and transportation of coal throughout several states. *See* 9 U.S.C. § 1 *et seq*.

4. In accordance with the express mandate of Congress, this Court has the authority to confirm the Award rendered in conformity with the Rules of Arbitration of the ICC International Court of Arbitration and the parties' agreement. *See* 9 U.S.C. § 9.

5. In accordance with the express mandate of Congress, this Court has the authority to enter judgment and enforce the Award rendered in conformity with the Rules of Arbitration of the ICC International Court of Arbitration and the parties' agreement. *See* 9 U.S.C. § 13.

## PARTIES

6. Petitioner Glencore Ltd. ("Glencore") is a limited company organized under the laws of Switzerland, with its principal place of business at 330 Madison Avenue, New York, New York 10017.

7. Glencore is in the business of buying and selling commodities, including coal. Glencore purchases coal from third parties to supply customers around the world.

8. Respondent Emerald International Corporation ("Emerald") is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business located at 6895 Burlington Pike, Florence, Boone County, Kentucky 41042.

9. Emerald is a coal supplier. Emerald began supplying coal to Glencore in 1991.

## JURISDICTION

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of New York and citizens of Kentucky and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (d) because Emerald is subject to personal jurisdiction of this Court and conducts business in this District.

## FACTS

12. In October of 2013, Glencore and Emerald entered into a new Master Coal Purchase and Sale Agreement (the "Master Agreement"), which set forth the steps and procedures by which Glencore would purchase coal from Emerald for export.[1] The Master Agreement provided standard terms and conditions of sale that attached to each transaction conducted between the parties, including terms and conditions governing the demurrage and despatch calculations to be used in the shipment of the coal. The Master Agreement also contained an arbitration clause.

13. Through the arbitration clause, the parties agreed that any disputes arising out of or relating to the Master Agreement "shall be referred to and finally resolved by arbitration in accordance with the Rules of Arbitration of the International Chamber of Commerce (the "Rules") by three arbitrators appointed in accordance with the said Rules."[2] The parties further agreed that the Rules were deemed to be incorporated by reference into the clause, and the seat or legal place of arbitration was to be the borough of Manhattan, New York, New York, USA; however, the parties later consented to making Nashville, Tennessee the seat or legal place of arbitration.

---

[1] *See* Master Coal Purchase and Sale Agreement, a true and correct copy of which is attached as Exhibit 1.
[2] *Id*. at p. 6.

14. Article 35 of the Rules of Arbitration of the ICC, pursuant to which the parties agreed to have arbitration conducted, states that "[e]very award shall be binding on the parties and [that] [b]y submitting the dispute to arbitration under the Rules, the parties undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made."

15. In late 2017 and early 2018, numerous disputes arose between the parties regarding coal transactions in which Glencore claimed the coal supplied by Emerald did not meet contractual specifications. Around the same time, Emerald began failing to meet its demurrage payment obligations under the Master Agreement related to the actual shipment of the coal.

16. On August 9, 2018, Glencore submitted its Request for Arbitration to the ICC's International Court of Arbitration regarding its disputes with Emerald. Following a full arbitration in accordance with the ICC's Rules, a three-member Arbitral Tribunal issued an Award, in Glencore's favor, on February 14, 2022.[3]

17. The Award in favor of Glencore totaled $628,662.56, plus post-judgment interest, at a rate of 9% per annum, from the date the Award was rendered. The Award further declared that the costs of the arbitration, which were fully paid by Glencore, would be divided equally between Glencore and Emerald, resulting in Emerald owing Glencore an additional $162,650.00.

18. On March 18, 2022, Emerald submitted its *Post-Award Objections and Request for Reconsideration* to the ICC Arbitral Tribunal, urging the Tribunal to reconsider alleged "substantive errors" in the Final Award. On January 23, 2023, the Arbitral Tribunal issued a Final Post-Award Decision in Glencore's favor.

---

[3] *See* February 14, 2022 Final Award, a true and correct copy of which is attached as Exhibit 2.

19.     The Final Post-Award Decision in favor of Glencore unanimously denied and overruled Emerald's *Post-Award Objections and Request for Reconsideration*, effectively affirming the finality of the Award issued on February 14, 2022.[4] Costs of $23,000.00 were to be divided equally between the parties. Because Emerald paid all of these costs, it is entitled to a credit of $11,500.00 against the amounts owed to Glencore.

20.     Glencore is therefore entitled to a judgment in the amount of $628,662.56, plus post-judgment interest, at a rate of 9% per annum, from February 14, 2022, the date the Award was rendered, plus costs in the amount of $151,150.00 ($162,650.00 minus $11,500.00).

21.     The February 14, 2022 Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

22.     Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year after the Award was made on February 14, 2022.

23.     Attached hereto as Exhibit 1 is a true and correct copy of the original Master Agreement, which includes the arbitration agreement between the parties.

24.     Attached hereto as Exhibit 2 is a true and correct copy of the Award issued by the ICC's International Court of Arbitration, dated February 14, 2022.

25.     Attached hereto as Exhibit 3 is a true and correct copy of the Final Post-Award Decision issued by the ICC's International Court of Arbitration, dated January 23, 2023.

26.     Attached hereto as Exhibit 4 is the 28 U.S.C. § 1746 Declaration of Matthew C. Guy, verifying the facts laid out in this Petition and authenticating the exhibits attached hereto.

### REQUEST FOR CONFIRMATION OF THE AWARD UNDER THE FAA

27.     Petitioner Glencore repeats and re-alleges paragraphs 1 through 26 hereof, as if

---

[4] *See* January 23, 2023 Final Post-Award Decision, a true and correct copy of which is attached as Exhibit 3.

fully set forth within.

28. Under Chapter 1 of the FAA, this Court must confirm a domestic arbitration award if the petitioner shows that (1) the parties agreed to arbitrate their dispute, (2) the arbitration resulted in an award, (3) the parties agreed that judgment may be entered on the arbitration award, (4) the petitioner applied to confirm the award within the time prescribed pursuant to 9 U.S.C. § 9, and (5) the award has not been and should not be vacated, modified, or corrected. *See* 9 U.S.C. § 1 *et seq*.

29. As shown by the Master Agreement attached hereto as Exhibit 1, Glencore and Emerald agreed to arbitrate their dispute in accordance with the Rules of Arbitration of the International Chamber of Commerce.

30. As shown by the Award attached hereto as Exhibit 2 and the Final Post-Award Decision attached hereto as Exhibit 3, the arbitration resulted in an award that was rendered in favor of Glencore on February 14, 2022.

31. The parties agreed that judgment may be entered on the Award by participating in arbitration and incorporating into the Master Agreement, the Rules of Arbitration of the International Chamber of Commerce, which contemplate that any arbitration award is final and binding. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 25 F. Supp. 3d 486, 490 (S.D.N.Y. 2014) (noting that the consent requirement of 9 U.S.C. § 9 "may be shown by a combination of: (1) the participation of the parties in the arbitration; and (2) language in the Agreement that any arbitration award is to be 'final and binding.'" (internal citation omitted); *see also Sound Inpatient Physicians, Inc. v. Carr*, 20-6440, 2021 WL 3399642, at *5 (6th Cir. Aug. 4, 2021) (finding parties met requirements of FAA, 9 U.S.C. § 9, by including language that arbiter's determination "shall be final and binding," and court therefore had jurisdiction to enforce award) (citing *Milwaukee*

*Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389–90 (7th Cir. 1981)).

32. Glencore has filed this *Petition for Confirmation, Recognition, And Enforcement of Domestic Arbitration Award* within one year after the Award was made on February 14, 2022.

33. The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

34. By reason of the foregoing, this Court should issue an order confirming the arbitration award annexed hereto as Exhibit 2 by the ICC's International Court of Arbitration dated February 14, 2022 and direct that judgment in the amount of $628,662.56, plus post-judgment interest, at a rate of 9% per annum, from February 14, 2022, the date the Award was rendered, plus costs in the amount of $151,150.00, be entered thereon.

**WHEREFORE**, Petitioner Glencore respectfully requests that this Court issue an order pursuant to 9 U.S.C. § 9 confirming the arbitration award attached hereto as Exhibit 2, issued by the ICC's International Court of Arbitration and dated February 14, 2022, enter judgment thereon pursuant to 9 U.S.C. § 13 including post-judgment interest thereon, and award the Petitioner Glencore such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ADAM AND REESE LLP**

*/s/ Clarence A. Wilbon*
Clarence A. Wilbon (Ky. Bar No. 88596)
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Telephone:    (901) 525-3234
clarence.wilbon@arlaw.com

**AND**

*Intending to seek admission pro hac vice*

**ADAMS AND REESE LLP**

/s/ *Matthew C. Guy*
Francis V. Liantonio, Jr. (La. Bar No. 19282)
Matthew C. Guy (La. Bar No. 31182)
Jennifer C. Bergeron (La. Bar No. 37584)
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Tel: (504) 581-3234
Fax: (504)586-6569
frank.liantonio@arlaw.com
matthew.guy@arlaw.com
jennifer.bergeron@arlaw.com
*Attorneys for Glencore Ltd.*